IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE V. WILLIAMS,                   *
        Plaintiff,
                                         *    CIVIL ACTION NO. RWT-12-1616

WARDEN FRANK B. BISHOP, et al.,     *
        Defendants.
                                         ***

**MEMORANDUM OPINION**

Defendant Janice Gilmore filed a Motion to Dismiss or for Summary Judgment on June 21, 2013. ECF No. 68.[1] Plaintiff has responded. ECF Nos. 52, 56, 58, 59, 65, 66, 91, 92, & 93.[2] Upon review of papers and exhibits filed, the Court finds that an oral hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the dispositive motion will be granted.

**Background**

This case was instituted when Plaintiff filed a complaint alleging that he was in imminent danger because he had been housed with cellmates who would harm him. ECF No. 1. Subsequently, Plaintiff filed several amended complaints alleging various additional related and unrelated harms. The claims against Defendant Janice Gilmore relate to the Plaintiff's medical problems. The Plaintiff alleges that he has been in several physical altercations with other inmates

---

[1] Correctional Defendants Warden Frank B. Bishop, Jr., Security Chief Michael P. Thomas, Fiscal Chief Donna L. Stigile, Correctional Dietary Manager (CDM) Lance Harbaugh, Lt. Rodney O. Likin, Sgt. Phillip D. Merling, Sgt. Christopher D. Bingaman, Sgt. James E. Krumpach, C.O. II Codey K. Linn, C.O. II Floyd P. Benson, C.O. II Ryan M. Harper, C.O. II Anthony D. Foor, C.O. II Brett A. Wilburn, C.O. II Sean P. Schiebel, C.O. II Marlin E. Randall, C.O. II William L. Logsdon, C.O. II Matthew J. Smith, C.O. II Matthew J. Davis, C.O. II Jeremiah L. Fontaine, Correctional Case Management Specialist II (CCMS II) David M. Bittinger, Correctional Case Management Manager (CCMM) James E. Tichnell and CCMS II Stephen W. Helmick have also filed a dispositive motion to which Plaintiff has responded. ECF Nos. 85, 91, 92 & 93. Those issues have been properly briefed and will be considered by the Court. No further submissions are necessary.
[2] Plaintiff's Motions to Amend his Opposition (ECF Nos. 92 & 93) shall be granted. Plaintiff's Motions to Amend the Complaint, filed well after receipt of the dispositive motions (ECF Nos. 94, 95 & 96), shall be denied.

due to the fact that his prostate problems cause him to urinate frequently and that he is Hepatitis C positive. Motion for Leave to File an Amended Complaint, ECF No. 13. He claims that he advised Gilmore and other medical staff of these altercations, but received no response. *Id*. Plaintiff further alleges that other inmates do not wish to room with him because he is Hepatitis C positive and medical staff members have not considered that he could infect others with Hepatitis C. He states that he should be housed alone because of his illness but medical staff members have failed to make such a recommendation. *Id*.

**Standard of Review**

Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Motion for Summary Judgment

Summary Judgment is governed by Federal Rule of Civil Procedure 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself

3

to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with evidence showing that there is a genuine issue for trial.

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S.294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that,

subjectively, the prison staff members were aware of the need for medical attention but failed to provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Primarily, the medical condition at issue must be objectively serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The subjective component of deliberate indifference requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) (*quoting Farmer,* 511 U.S. at 844). Even if the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew of at the time. *Brown* 240 F. 3d at 390 (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Additionally, mere disagreement with a prescribed course of treatment is

insufficient to establish an Eighth Amendment claim of deliberate indifference. *See Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Plaintiff refers to Defendant Gilmore as "medical director" and appears to premise his claim of denial of medical care on her supervisory role. Gilmore avers that she is the regional administrator of nursing for Wexford Health Services. ECF No 68, Ex. 1. Previously, she was the director of nursing for Corizon, Inc. *Id*. Gilmore avers that she has never treated, met or spoken with the Plaintiff at any time. *Id*. As Gilmore was not a direct medical provider to Plaintiff, he cannot sustain his claim of deliberate indifference as to her and she is therefore entitled to summary judgment.

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983, therefore, must be supported by evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff's claims premised on the theory of Gilmore's supervisory liability fail as well as Plaintiff has pointed to no action or inaction on the part of Gilmore that resulted in a constitutional injury. Plaintiff's claims focus on the delivery of primary health care: the failure to recommend special housing assignment due to his hepatitis status and the failure to adequately treat his prostate problems. These claims are properly asserted against his direct health care provider(s) during the time at issue.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor. Plaintiff has failed to submit any evidence to support his claim that Gilmore provided constitutionally inadequate medical care or that she would be subject to any supervisory liability.

**Conclusion**

The dispositive motion filed on behalf Janice Gilmore will be granted. A separate Order follows.

Date: March 13, 2014                             /s/
                                        Roger W. Titus
                                        United States District Judge